### FRANCES E. GARDNER *vs.* JAMES PECKHAM *et als.*

Pending a bill in equity affecting the title of realty, third persons with the consent of the respondent cut, carried off, and appropriated quantities of wood and brush from the realty in question. After a decree in his favor the complainant filed another bill in equity against these third persons to ascertain the amount of stuff cut and carried off by them, which was charged to be of the value of five hundred dollars, and to enforce payment from them. This bill charged no conspiracy with the former respondents, nor any attempt to commit actual fraud. The respondents demurred.

*Held*, that the bill was virtually an action of trover and conversion for wood cut pending the former bill, and could not be maintained.

The doctrine of "*lis pendens*" requires property specifically sued for, to abide the result of the suit. The doctrine cannot be extended to support a bill in equity which, neglecting the specific property, seeks only to recover its value.

BILL IN EQUITY for discovery, to ascertain the amount of timber cut by the respondents pending a bill in equity affecting the title to the realty and to enforce payment for the timber. On demurrer to the bill.

*July* 10, 1880. DURFEE, C. J. The bill in this case alleges that in November, 1875, the complainant, being the owner of a farm of one hundred and fifty acres in the town of Gloucester, was fraudulently induced by one Peter Kiernan to convey the

farm to him in exchange for five lots of land in the city of Providence; that the said Peter, after receiving the deed of the farm, conveyed it to his six children, named; that in November, 1876, the complainant being satisfied that she had been defrauded, commenced a suit against said Peter and his children, to procure a reconveyance of the farm and the improvements thereon; that she prosecuted the suit diligently to final decree, which was entered February 21, 1880, directing a reconveyance of the farm and improvements. The bill also alleges that at the time the farm was conveyed to Peter Kiernan a considerable portion of it was wooded, and that during the pendency of her suit against said· Peter and his children the defendants, one of whom had actual notice of the suit, entered on the farm, and with the consent of said Peter or his children cut and carried away a large quantity of the wood and brush growing thereon, of the estimated value of five hundred dollars. The complainant seeks to recover of the defendants in this suit the value of the wood and brush so cut and carried away. The defendants demur to the bill.

The bill does not allege that the defendants conspired with Peter Kiernan and his children to defraud the complainant, nor to frustrate her suit to any extent, nor does it charge them with an intent to commit any actual fraud of any kind upon her. It is true the bill states that one of the defendants knew of the former suit, but the defendant having this knowledge does not appear to have been connected in business with the other defendants, nor to have sustained any relation to them by virtue of which what he knew could be imputed to them as something that they knew; and the bill, though it does not seek to charge all the defendants jointly for the wood, seeks, nevertheless, to charge them all alike on the same ground. The ground of relief is simply that the defendants cut and carried away the wood and brush during the pendency of her former suit, and that, the wood and brush having been involved in that suit as a part of her farm, she is entitled to recover its value of the defendants by force of the doctrine of *lis pendens*.

The doctrine of *lis pendens* is this, that real property, or, to some extent, personal property, when it has been put in litigation by a suit in equity, in which it is specifically described, will, if the

suit is prosecuted with diligence, be bound by the final decree, notwithstanding any intermediate alienation. It will be seen that the doctrine as stated does not reach the case at bar, for, in the case at bar, the complainant is seeking to recover, not any property which is bound by the decree, but the *value* simply of certain property which was not bound by the decree, but which, in all probability, had been burned up before the decree was entered. She cites no satisfactory precedent for such an extension of the doctrine. The question is, can it be so extended. We think not. The doctrine is founded on the policy that property which is specifically sued for shall abide the result of the suit, for otherwise, by successive alienations, the litigation might be indefinitely prolonged. *Bellamy* v. *Sabine*, 1 De G. & J. 566. The doctrine relates only to changes of ownership, but assumes that the property itself will remain either identically the same or be at least specifically traceable into some new form in which it can be reached. That is not the case here. The suit here is in the nature of an action of trover and conversion. It seeks not the thing, but the value of the thing, or damages for its conversion. It is a mere personal claim. If the suit can be maintained, we do not see why, on the same principle, similar suits cannot be maintained against purchasers for the value of hay, corn, potatoes, or fruit raised on the farm and sold. Certainly it never has been supposed that a suit to annul the conveyance of a farm could entail such results. We do not think public policy, which is the source of the doctrine of *lis pendens*, requires that it should entail them. The doctrine is not a favorite of the courts, and will not be extended without strict necessity. *Leitch* v. *Wells*, 48 N. Y. 585. It is only because wood is a more permanent part of a farm than its other products that we feel any inclination to entertain the suit. But we are not prepared to entertain it on that account, in the absence of any charge of actual fraud. We think the complainant, if not satisfied with the personal responsibility of Peter Kiernan and his children, should have applied for an injunction, or some other preventive order, to protect her interests.

We must, therefore, sustain the demurrer and dismiss the bill with costs. *Demurrer sustained.*

*William H. Baker*, for complainant.

*Ziba O. Slocum*, for respondents.